UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRETT ROGERS,<br><br>                Plaintiff,<br>   v.<br><br>CITY OF SEATTLE et al.,<br><br>                Defendants. | CASE NO. 2:25-cv-00421-LK<br><br>ORDER DISMISSING CASE, DENYING MOTION TO DISMISS AS MOOT, AND DENYING MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Defendants' motion to dismiss. Dkt. No. 19. After Defendants filed that motion, Plaintiff Brett Rogers filed an amended complaint, Dkt. No. 25, that removed his federal claim, divested this Court of jurisdiction, mooted the motion to dismiss, and prompted Defendants to file a motion to recover their attorney's fees, Dkt. No. 29. For the reasons set forth below, the Court dismisses this case for lack of subject matter jurisdiction, denies the motion to dismiss as moot, and denies the motion for attorney's fees.

## I. BACKGROUND

Defendant City of Seattle employed Rogers as a Parking Enforcement Manager from 2019 to 2022. Dkt. No. 25 at 3. In August 2021, during the COVID-19 pandemic, the City instituted a

vaccination requirement for all City employees. *Id.* Rogers requested a religious exemption, and while the City permitted him to work from home for a time, it eventually required him to return to work in person and comply with the vaccine mandate. *Id.* at 4. When Rogers refused to be vaccinated, the City terminated his employment. *Id.* at 7.

Rogers—who is himself an attorney and was also represented by separate counsel—filed his complaint in this Court in March 2025. Dkt. No. 1 at 25. Alongside state law claims for failure to accommodate, disparate treatment/discrimination, and retaliation, he asserted a claim under 42 U.S.C. § 1983, alleging that Defendants deprived him of a post-termination appeal and violated his Fourteenth Amendment due process rights. *Id.* at 2, 18–24.

On May 27, 2025, Defendants filed a motion to dismiss all claims. Dkt. No. 19. Rogers' counsel then withdrew, Rogers withdrew from representing himself, and two other attorneys appeared on his behalf. Dkt. Nos. 21–24. On June 17, the day his response to the motion to dismiss was due, Rogers filed an amended complaint that removed two of his claims—including the Section 1983 claim—and removed 10 of the original 15 Defendants. *See generally* Dkt. No. 25. The amended complaint continued to assert state law claims for discrimination and retaliation, and added state law claims for wrongful discharge in violation of public policy, disparate impact, and civil conspiracy. *Id.* at 6–9. Rogers argued in his response to the motion to dismiss that that motion was now moot in light of his "substantial and material changes" to the complaint. Dkt. No. 26 at 1–2.

Defendants requested attorney's fees in their reply brief, arguing that "Plaintiff forced Defendants to expend significant time and resources preparing a Motion to Dismiss—only to file an Amended Complaint that voluntarily abandoned many of the very claims and parties Defendants moved to dismiss." Dkt. No. 27 at 2. Because that relief was requested in a reply brief, the Court ordered Defendants to refile their request for fees as a motion pursuant to Local Civil

ORDER DISMISSING CASE, DENYING MOTION TO DISMISS AS MOOT, AND DENYING MOTION FOR ATTORNEY'S FEES - 2

Rule 7(d)(3), with a declaration and their billing records, so that Rogers would have an opportunity to respond to the request for fees and the reasonableness of the fees requested. Dkt. No. 28. Defendants then filed their motion for fees, Dkt. No. 29, to which Rogers responded, Dkt. No. 32, and Defendants replied, Dkt. No. 34. Rogers contended that Defendants raised a new issue in their reply, so the Court gave him a chance to respond to that allegedly new argument. Dkt. Nos. 36–40.

Since Rogers argues that an award of fees is unwarranted because "Defendants are wholly responsible for failing to make a 'meaningful effort to confer' with Plaintiff about their motion to dismiss before filing it," Dkt. No. 32 at 7, the Court lays out the facts related to the parties' meet and confer. On May 22, 2025, the parties met and conferred by videoconference. Dkt. No. 30 at 2; Dkt. No. 35 at 2. Rogers attended, along with his then-counsel, Peter Serrano. Dkt. No. 35 at 2. During the conference, Defendants' attorney, Daniel Culicover, stated that Defendants "had reason to file a motion to dismiss and . . . offered to go over the bases of Defendants' motion." *Id.* Mr. Culicover "asked Mr. Serrano if Plaintiff would like [him] to proceed with explaining the bases for Defendants' Motion," but "Mr. Serrano declined and indicated that it was not worthwhile to do so because Plaintiff could anticipate the grounds of Defendants' motion, which Plaintiff disagreed with." *Id.* Mr. Serrano confirms in a declaration that Mr. Culicover "offered to share the grounds for his clients' motion." Dkt. No. 40 at 1. Mr. Serrano "was aware that the constitutional claims involved dynamic and developing areas of law," but based on his research, he believed—and continues to believe—that Rogers' claims "had merit and could defeat a motion to dismiss." *Id.* He therefore "saw no merit in a deeper drive on the Motion to Dismiss," and "the meet and confer was short and had a limited scope." *Id.* at 1–2. Had he continued as counsel, he would have opposed "all aspects" of the motion to dismiss. *Id.* at 2.

ORDER DISMISSING CASE, DENYING MOTION TO DISMISS AS MOOT, AND DENYING MOTION FOR ATTORNEY'S FEES - 3

For his part, Rogers states that the call lasted no more than 10 minutes, and defense counsel did not explain the basis for their planned motion to dismiss. Dkt. No. 33 at 2. He also avers that "[w]hen the meet and confer occurred and when Defendants filed their motion to dismiss, [he] fully intended to oppose all aspects of the Defendants' motion to dismiss" based on his and Mr. Serrano's research. Dkt. No. 39 at 2. After the meet and confer, Rogers "contacted and retained [his] current attorneys . . . to vigorously oppose the motion to dismiss and to prosecute all [his] claims." *Id.* However, once he retained his current counsel, Rogers "came to understand and believe that the remedies that [he] was seeking in the original complaint could be achieved with more economy for the court and all parties if [his] new attorneys filed an amended complaint on [his] behalf" because his constitutional claims involved a developing area of law and, even if he were to recover on that claim, an appeal was likely. *Id.* He then filed his amended complaint on June 17, 2025. Dkt. No. 25.

## II. DISCUSSION

**A.    The Court Dismisses this Case Based on Lack of Subject Matter Jurisdiction and Denies the Motion to Dismiss as Moot**

Because Rogers' amended complaint is not "substantially identical to the original complaint," it mooted the City's motion to dismiss. *Oliver v. Alcoa, Inc.*, No. C16-0741JLR, 2016 WL 4734310, at *2 n.3 (W.D. Wash. Sept. 12, 2016). The amended complaint also affected this Court's subject matter jurisdiction: "when the plaintiff in an original case amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of adjudicatory power." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32–33 (2025). The Court thus lacks jurisdiction over Rogers' remaining (purely state law) claims because "[o]nce the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them." *Id.* at

34; *see also* 28 U.S.C. § 1367(a) (conferring supplemental jurisdiction only in civil actions "of which the district courts have original jurisdiction").

Because the Court now lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Botten v. California*, No. EDCV 23-257-KK-SHKx, 2025 WL 1951871, at *2 (C.D. Cal. July 15, 2025) (dismissing the matter without prejudice when plaintiffs "eliminate[d] all federal causes of action, leaving only state causes of action against defendants"). The Court thus dismisses this case without prejudice for lack of subject matter jurisdiction, and denies Defendants' motion to dismiss for failure to state a claim as moot.

**B.    The Court Denies the Motion for Attorney's Fees**

"Defendants move for an award of attorneys' fees under the Court's Standing Order for All Civil Cases, its inherent authority, and applicable rules." Dkt. No. 29 at 2.[1] They contend that Rogers "forced [them] to expend significant time and resources preparing a Motion to Dismiss—only to file an Amended Complaint that voluntarily abandoned many of the very claims and parties Defendants moved to dismiss." Dkt. No. 29 at 2. They argue that, as such, "[a]n award of fees is warranted to compensate Defendants for the unnecessary litigation costs caused by Plaintiff's conduct and to deter such conduct in the future." *Id.*

When a court dismisses a case for lack of subject matter jurisdiction, it cannot award fees under the fee-shifting statute under which the suit was brought, *Branson v. Nott*, 62 F.3d 287, 292–93 (9th Cir. 1995), *overruled on other grounds by Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017)), but it retains the power to award fees "authorized by statutes and rules that are exclusively nonsubstantive—i.e., that give parties no rights outside of litigation,"

---

[1] The Court's Standing Order for All Civil Cases requires represented parties to "make a meaningful effort to confer prior to filing a dispositive motion." Dkt. No. 4-1 at 4. In their reply brief, Defendants also cite to 28 U.S.C. § 1927. Dkt. No. 34 at 3. However, because they did not rely on that statute in their motion—and it is not an "applicable rule"—the Court declines to consider awarding fees under that statute.

ORDER DISMISSING CASE, DENYING MOTION TO DISMISS AS MOOT, AND DENYING MOTION FOR ATTORNEY'S FEES - 5

*In re Knight*, 207 F.3d 1115, 1117 (9th Cir. 2000). Such nonsubstantive authorities include "Fed. R. Civ. P. 11 (abuse of judicial process), 28 U.S.C. § 1919 (lack of jurisdiction), and 28 U.S.C. § 1447(c) (wrongful removal))." *Id.* Defendants argue that the Court has inherent authority to award attorney's fees for bad faith during the litigation, Dkt. No. 29 at 2 n.1, and Rogers does not dispute that the Court retains jurisdiction to award fees, *see generally* Dkt. No. 32. *See also Guild Mortg. Co. LLC v. Crosscountry Mortg. LLC*, No. C21-1376-JCC-MLP, 2022 WL 18999842, at *8 (W.D. Wash. Dec. 6, 2022) (finding that "this Court retains jurisdiction to impose sanctions even without subject matter jurisdiction over the underlying suit"), *report and recommendation adopted*, 2023 WL 1860663 (W.D. Wash. Feb. 9, 2023).

        1. <u>Fees Are Not Warranted under Federal Rule of Civil Procedure 11</u>

Defendants move for an award of fees under Federal Rule of Civil Procedure 11, noting that Rogers "and his former counsel signed the original Complaint pursuant to Rule 11, certifying that the claims were warranted by law, supported by evidence, and not made to harass, cause unnecessary delay, or needlessly increase the cost of litigation," but Rogers' "own amendment demonstrates that many of those claims were not." Dkt. No. 29 at 4. Rogers counters that Defendants are not entitled to fees under Rule 11 because they did not comply with its safe harbor provision. Dkt. No. 32 at 6. The Court agrees with Rogers. Rule 11 requires a party to serve its motion for sanctions on the opposing party—with an opportunity to cure the allegedly sanctionable filing—21 days before filing it. Fed. R. Civ. P. 11(c)(2). Compliance with that procedure is "mandatory." *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1151–52 (9th Cir. 2002); *see also Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) ("A motion for sanctions may not be filed . . . unless there is strict compliance with Rule 11's safe harbor provision."). Because Defendants did not comply with Rule 11's requirements, they are not entitled to fees under that rule.

ORDER DISMISSING CASE, DENYING MOTION TO DISMISS AS MOOT, AND DENYING MOTION FOR ATTORNEY'S FEES - 6

2. <u>Fees Are Not Warranted under Local Civil Rule 11 or the Court's Inherent Authority</u>

Local Civil Rule 11(c) provides:

> An attorney or party who without just cause fails to comply with . . . these rules, or an order of the court, or . . . who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

To justify an award of fees under this District's local rules, the Court must find that Rogers or his counsel acted in bad faith or willfully disobeyed a Court order. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1481–82 (9th Cir. 1989); *see also Coenmans v. Bakon Bakkerij Machines, USA Corp.*, No. 2:24-cv-00678-LK, 2025 WL 896668, at *1 (W.D. Wash. Mar. 24, 2025). Bad faith "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002), *partially abrogated on other grounds by Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541 (2019).

Defendants argue that "many" of the claims in the original complaint were not in compliance with Rule 11 standards, which needlessly increased the cost of litigation. Dkt. No. 29 at 4. To the extent Defendants are advancing their argument under Local Civil Rule 11, they do not carry the day because they fail to identify which original Defendants and claims—if any—were pursued in bad faith. *See, e.g.*, *Ortego v. Lummi Island Scenic Estates Cmty. Club, Inc.*, No. C14-1840RSL, 2017 WL 1210065, at *3 (W.D. Wash. Apr. 3, 2017) (declining to award fees under LCR 11(c) when "defendants ma[d]e no effort" to segregate their fees). The amended complaint also continues to assert claims for discrimination and retaliation, Dkt. No. 25 at 6–8, and Defendants filed an answer rather than a Rule 12 motion, Dkt. No. 31, which suggests that not all claims in the original complaint violated Rule 11. Accordingly, the Court does not award fees against Rogers or his former counsel for the filing of the original complaint.

ORDER DISMISSING CASE, DENYING MOTION TO DISMISS AS MOOT, AND DENYING MOTION FOR ATTORNEY'S FEES - 7

That leaves the question of whether Rogers or his former counsel engaged in bad faith at the meet and confer conference or by failing to amend the complaint before Defendants moved to dismiss. Rogers lays fault at the feet of Defendants, first stating that his new counsel helped him understand that dropping the constitutional claim would be more efficient and decrease the likelihood of an appeal, and then stating that "[i]f the Defendants' counsel had communicated such information or perspective to me before or during the meet and confer, then I may have considered amending my complaint before they filed their motion to dismiss rather than after." Dkt. No. 39 at 2. Rogers' suggestion that opposing counsel should have given him this strategic advice is frivolous. Moreover, Rogers—who "still believe[s] in the merit of [his] constitutional claims," *id.* at 3—does not credibly assert that he would have conceded that his claims lacked merit and agreed to dismiss them if defense counsel had tried harder to convince him.

That said, the meet and confer should have been more fulsome, and defense counsel should have explained all the reasons underlying Defendants' motion to dismiss even if Rogers' counsel professed to anticipate them. In all cases—and especially in a case like this, involving numerous claims and Defendants—a comprehensive meet and confer is important to attempt to narrow the issues and potentially eliminate some entirely. Indeed, a meet and confer is defined in the Local Civil Rules as "a good faith conference . . . to *attempt to resolve* the matter in dispute without the court's involvement." LCR 1(c)(6) (emphasis added). In addition, counsel for both parties seem to have focused on the constitutional claims in the meet and confer, and neglected to discuss the other claims or the now-dismissed Defendants. *See* Dkt. No. 35 at 2; Dkt. No. 40 at 1–2. Despite these deficiencies, the Court does not find that the parties displayed bad faith or a willful disregard of the Court's standing order requiring a meaningful meet and confer. Moreover, it appears that Rogers came to reconsider the pros and cons of pursuing the constitutional claims with the

guidance of his new counsel. *See* Dkt. No. 39 at 2–3. For all of these reasons, an award of fees is unwarranted under either Local Civil Rule 11 or the Court's inherent authority.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES the motion to dismiss as moot, Dkt. No. 19, DENIES Defendants' motion for attorney's fees, Dkt. No. 29, and DISMISSES this matter for lack of subject matter jurisdiction.

Dated this 6th day of October, 2025.

Lauren King
United States District Judge